**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| WILLIS SMITH, § | | |
| JAMES MICHAEL STOCKTON, § | | |
| JIMMY MICHAEL DOYLE, § | | |
| AMBER NICOLE STEITLE, and § | | |
| others similarly situated, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | CASE NO. : _____ | |
| § | | |
| RMCN CREDIT SERVICES, INC., § | | |
| DOUGLAS PARKER, and JULIE PARKER, § | | |
| § | **JURY DEMANDED** | |
| Defendants. § | **FLSA COLLECTIVE ACTION** | |

## ORIGINAL COMPLAINT

Plaintiffs Willis Smith, James Michael Stockton, Jimmy Michael Doyle, Amber Nicole Steitle, on behalf of themselves and others similarly situated (collectively "Plaintiffs"), file their Original Complaint against RMCN Credit Services, Inc. ("RMCN"), Douglas Parker, and Julie Parker (collectively "Defendants") and in support thereof respectfully state:

### I. SUMMARY

1. Plaintiffs, former commissioned employees of Defendants, worked in excess of forty hours per week while employed by Defendants, but were not paid overtime for doing so. Plaintiffs seek all damages available to them under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

### II. PARTIES

2. Plaintiff Smith is a Texas resident living at 7808 River Walk Trail, McKinney, Texas 75070.

3. Plaintiff Stockton is a Texas resident living at 7951 Collin Parkway, McKinney Texas 75070.

4. Plaintiff Doyle is a Texas resident living at 2917 Creek Valley Drive, Garland, Texas 75040.

5. Plaintiff Steitle is a Texas resident living at 2908 Cypress Point Drive, McKinney, Texas 75070.

6. Defendant RMCN is a Texas corporation organized and existing under the laws of the State of Texas that may be served through its Registered Agent, Douglas Parker, at 1611 Wilmeth Road, Suite B, McKinney, Texas 75069.

7. Defendant Douglas Parker is an individual who may be served with process at 1611 Wilmeth Road, Suite B, McKinney, Texas 75069.

8. Defendant Julie Parker is an individual who may be served with process at 1611 Wilmeth Road, Suite B, McKinney, Texas 75069.

## III. JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has personal jurisdiction over Plaintiffs, who are Texas residents, and Defendant RMCN, a Texas corporation with its principal office in Texas.

10. Plaintiffs bring this action as a collective action on behalf of themselves and others similarly situated in accordance with 29 U.S.C. § 216(b).[1] Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(1), because Defendants' principal office is in

---

[1] Attached and incorporated by reference are Exhibits A, B, C, and D (FLSA consents signed by Will Smith, Michael Stockton, Mike Doyle, Nikki Steitle, respectively).

this District, Defendants do business in this District, and a substantial part of the alleged events or omissions giving rise to this action occurred in this District.

## IV. COVERAGE

11. At all relevant times, Defendants were and have been employers within the meaning of § 3(d) of the FLSA.

12. At all relevant times, Plaintiffs were employees within the meaning of § 3(r) of the FLSA, 29 U.S.C. § 3(r).

13. At all relevant times, RMCN has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA because RMCN has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. For example, Plaintiffs used a telephone while working for Defendant to communicate with persons in another state. Further, RMCN has had an annual gross volume of sales made or business done of not less than $500,000.00.

## V. FACTS

14. RMCN is engaged in the credit repair business.

15. Each of the Plaintiffs was formerly employed by Defendants and paid purely on a commissioned basis. Smith was employed by RMCN from on or about April 2012 until December 6, 2013. Stockton was employed by RMCN from on or about June 2009 until December 6, 2013. Doyle was employed by RMCN from on or about January 8, 2007 until December 6, 2013. Steitle was employed by RMCN from on or about October 15, 2007 until December 3, 2013. During all or part of their respective tenures, each was a nonexempt employee.

16. Upon information and belief, over the past several years, Defendant has employed many persons in Texas who, like Plaintiffs, (a) engaged in commerce or in the production of goods for commerce; (b) did not travel outside of Texas on Defendant's behalf and were not reasonably expected to being called upon to do so; (c) worked in excess of 40 hours per week; and (4) were not paid overtime.  These employees did not have duties that made them exempt under the FLSA.

## VI. CAUSES OF ACTION

17. Plaintiffs incorporate the foregoing paragraphs by reference.

18. Defendants violated the FLSA, 29 U.S.C. § 201 *et. seq.* by employing Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than forty hours, without paying Plaintiffs' overtime.  Defendants' actions were intentional and constitute willful violations of the FLSA in violation of 29 U.S.C. § 216(b).

19. Plaintiffs seek to represent a class of similarly-situated former and current employees of Defendant, to wit: all persons who were employed by Defendant from December 11, 2010 to the present and who, during any workweek, (a) engaged in commerce or in the production of goods for commerce; (b) did not travel outside of Texas upon Defendant's behalf and were not reasonably expected to make such a journey; (c) worked in excess of 40 hours per week; and (4) were not paid wages and overtime for doing so.  Plaintiffs seek their actual and liquidated damages. Plaintiffs retained the undersigned attorneys to prosecute their claims against Defendant, and they seek their reasonable and necessary attorneys' fees in prosecution of their claims.

20. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

21. Plaintiffs, individually and on behalf of other similarly-situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's failure to pay employees overtime compensation.

22. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential class members may easily and quickly be notified of the pendency of this action.

23. There are questions of fact and law common to the class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendant's actions include, without limitation, the following: (a) whether Plaintiff were compensated for all hours worked; (b) whether Plaintiffs worked more than forty (40) hours per week; (c) whether Plaintiffs were entitled to overtime pay; and (d) whether Plaintiffs were paid overtime.

24. The questions above predominate over any questions affecting only individual persons, and a collective action is superior, with respect to considerations of consistency, economy, efficiency, fairness and equity to other available methods for the fair and efficient adjudication of these claims.

25. Plaintiffs' claims are typical of those of the similarly-situated employees in that these employees have been employed in the same or similar positions as Plaintiffs and were subject to the same or similar unlawful practices of Defendant.

26. A collective action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the

similarly-situated former and current employees.  The presentation of separate actions by individual similarly-situated former or current employees could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of the class members to protect their interests.

27. Plaintiffs and similarly-situated former and current employees of Defendant are entitled to receive unpaid overtime, liquidated damages, and attorneys' fees and costs.

28. Plaintiffs request this case be tried to a jury.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests that the Court grant all appropriate relief, including but not limited to, all unpaid wages and overtime, liquidated damages, attorneys' fees, costs, and all further and other relief to which they may show themselves justly entitled.

Respectfully submitted,

**GRUBER HURST JOHANSEN HAIL SHANK, LLP**

*s/ David F. Wishnew*
David F. Wishnew
  State Bar No. 24052039
  dwishnew@ghjhlaw.com
Steven W. Hopkins
  State Bar No. 24045078
  shopkins@ghjhlaw.com
Greg P. McAllister
  State Bar No. 24071191
  gmcallister@ghjhlaw.com

1445 Ross Avenue, Suite 2500
Dallas, Texas  75202
Telephone: 214-855-6800
Telecopier: 214-855-6808

**ATTORNEYS FOR PLAINTIFFS**