**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **WILLIS SMITH, and others similarly situated,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CONSOLIDATED CASES NO.:** |
| | § | **§ 4:13-cv-00730, 4:14-cv-00403** |
| **RMCN CREDIT SERVICES, INC., DOUG PARKER, AND JULIE PARKER,** | § § § § | |
| **Defendants.** | § | **Jury Demanded** |

### PLAINTIFFS' PARTIAL SUMMARY JUDGMENT MOTION AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE AMOS L. MAZZANT:

Named Plaintiff Willis Smith hereby moves this Court for Partial Summary Judgment and in support thereof shows the following:

### I.   STATEMENT OF ISSUES

Willis Smith asserts claims against Corporate Defendant RMCN Credit Services, Inc. ("RMCN") and Individual Defendants Doug and Julie Parker (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"). This matter has previously been certified as an FLSA collective action and Mr. Smith's claims are joined by numerous "Opt-In Plaintiffs." Mr. Smith and each of the Opt-In Plaintiffs (the "Plaintiffs") hereby move for Partial Summary Judgment pursuant to Federal Rules of Civil Procedure 56(a) and 56(c)(1)(A), as the Record makes clear that:

1) RMCN is an enterprise covered by the FLSA;

2) The Defendants were the Plaintiffs' statutory employers;

3) <u>Defendants failed to pay Plaintiffs lawfully for working overtime hours; and,</u>

4) <u>Defendants' failure to pay overtime wages was in willful violation of the law</u>.

Plaintiffs also bring a No-Evidence Motion for Partial Summary Judgment pursuant to Federal Rules of Civil Procedure 56(c)(1)(B) because Defendants cannot produce admissible evidence to support the facts necessary to establish that Defendants acted in "good faith" and had "reasonable grounds" to believe their actions complied with the FLSA at the time of the violation to support a possible denial of liquidated damages.  Consequently, Plaintiffs request entry of the attached proposed order.

## II.  PROCEDURAL HISTORY

Named Plaintiff Willis Smith filed suit against RMCN, Doug Parker, and Julie Parker on December 11, 2013. Defendants filed their Original Answer on June 6, 2014. Following collective certification briefing, a ruling granting the same, and a court-approved opt-in period, the Parties requested a stay in this litigation so they could pursue efforts at resolution without the need for judicial intervention.[1] The Parties met for a mediation conference on October 18, 2016;[2] however, no resolution was reached at that time or in the proceeding months and this matter was re-opened on December 1, 2017.[3] Plaintiffs served Defendants discovery on April 4, 2018; however, Defendants have failed to timely respond.[4] As of the date of filing this Motion, the Parties have had adequate time for discovery and the Court's deadline for completion of discovery has expired. Neither party has requested additional discovery. Accordingly, Plaintiff's Motion for Summary Judgment is ripe for ruling.

---

[1] Dkt. # 48.
[2] *See Biller v. RMCN Credit Services, Inc., et al*, Civil Action No. 4:16-cv-0043 (E.D. Tex.- Sherman)("*Biller*") Dkt. #16.
[3] Dkt. # 53.
[4] *See* **Exhibit A**, Plaintiff's First Set of Written Discovery to Defendants (including requests for admissions, requests for production and interrogatories); **Exhibit B**, discovery deficiency letter regarding Exhibit A.

### III. STATEMENT OF FACTS

1) Defendants are "engaged in the credit repair business."[5] The business as a whole grosses in excess of $500,000.00 dollars per year and engages in interstate commerce in the course of conducting business.[6]

2) Plaintiffs were Defendants' employees and, during periods covered by this lawsuit, paid purely on a commissioned basis.[7] For example, Plaintiff Smith was employed by RMCN during the statutory period and from approximately April of 2012 until December of 2013 as an inside and commission-paid salesperson.[8] In this capacity, he sold Defendants' credit repair services over the phone to Defendants' clients.[9] Similarly, the Class Members' primary duty was selling credit repair services to consumers throughout the United States.[10]

3) Plaintiffs regularly worked more than 40 hours per week on numerous occasions throughout their employment with RMCN.[11] Plaintiff and Class Members are entitled to receive overtime pay for all hours worked in excess of 40 per week. 29 U.S.C. § 207.[12] However, Plaintiffs were paid on a pure commissioned basis and denied lawful overtime pay.[13]

4) Individual Defendants Doug and Julie Parker are the executive managers of the credit repair service operating under the name Repair My Credit Now.[14] Defendant Douglas Parker is RMCN's founder and has been Defendants' "CEO" during the period covered by this lawsuit.[15]

---

[5] *See* Dkt. #10, Defendants' Answer ¶14; **Exhibit R,** Stipulated Order for Permanent Injunction and Civil Penalty Judgment (issued jointly against Defendants), ¶2.
[6] *See* Dkt. #10, ¶13; **Exhibit A,** Admission ¶¶ 3-4, 8-11.
[7] *See* Dkt. #10, ¶15.
[8] **Exhibit C,** Declaration ("Dec") of Willis Smith ¶1.
[9] *See* Dkt. #10, ¶13; *id.* ¶¶ 1-2.
[10] *See*, **Exhibits C-L** ("Plaintiffs' Declarations"), ¶¶ 1-2.
[11] Plaintiffs' Declarations ¶¶ 3, 6; **Exhibit A,** Admission ¶ 1.
[12] *See e.g.*, Dkt. #10, ¶15 (admitting that Plaintiffs' were employed in non-exempt capacities).
[13] *Id.*; Plaintiffs' Decs. ¶¶ 2, 8; **Exhibit A,** Admission ¶ 2.
[14] *See e.g.*, **Exhibit R, p. 3** (similarly defining the Doug and Julie Parker as the "Individual Defendants" in that matter).
[15] *See e.g.*, **Exhibit M,** Doug Parker Dec. ¶ 2; *see also*, http://www.repairmycreditnow.com/About_us.htm#letter.

Defendant Julie Parker has been Defendants "COO" during the period covered by this lawsuit.[16] In this capacity, the Parkers have overseen RMCN's day-to-day operations jobs as evidenced by the specifically-alleged and uncontested facts that the Parkers (along with Defendants' non-executive managers) 1) controlled Plaintiffs' schedules; 2) had the authority to hire, fire and discipline Plaintiffs; and ultimately, 3) controlled and established the company rules and pay policies that governed RMCN employees and resulted in the violations at issue in this case.[17]

5) Defendants did not have reasonable grounds for believing that Plaintiffs were not entitled to overtime compensation for any week in which Plaintiffs worked more than 40 hours and have failed to raise a good faith affirmative defense in their Answer.[18] Defendants were aware of the FLSA's overtime requirements, that Plaintiffs were employed in non-exempt capacities, and required them to work overtime hours, yet refused to pay them overtime. [19]

## IV. RELEVANT STANDARDS

Summary judgment must be granted if the pleadings, depositions, documents, declarations, stipulations, admissions, interrogatory answers, or other materials show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(1)(a). Moreover, "[f]ailure to respond to requests for admissions will permit entry of summary judgment if the facts admitted are dispositive of the case." *Carter v. Aramco Services Co.*, CIV.A. H-87-777, 1988 WL 38796, at *2 (S.D. Tex. Apr. 15, 1988). Applying the Record to the applicable law, it is clear that summary judgment is appropriate in this instance.

---

[16] *See e.g.*, Julie Parker's public LinkedIn profile: https://www.linkedin.com/in/julie-parker-0669b419/.
[17] **Exhibits N-Q**, *Biller* Plaintiffs' declarations, ¶ 5.
[18] *See generally*, Defendants' Answer, Dkt. #10, (failing to raise good faith affirmative defense); *see* also, **Exhibit A**, Admission ¶¶ 5-6.
[19] **Exhibit A,** Admission ¶ 7; Unanswered Amended Complaint, Dkt. # 59, ¶¶ 15, 20-21; Plaintiffs' Declarations.

## V.  DEFENDANTS VIOLATED THE FLSA

Plaintiffs' cause of action is for unpaid overtime and minimum wages under the Fair Labor Standards Act (FLSA).[20] To establish liability, the law requires a showing that 1) Defendants are an enterprise covered by the FLSA; 2) Defendants are employers of the Plaintiffs; 3) Plaintiffs worked more than 40 hours in a work week; and 4) Defendants failed to pay Plaintiff time and one half their regular rates of pay for hours worked over 40 in a work week or in excess of $7.25 per hour for each hour worked.  29 U.S.C. §§ 206-7. There are no genuine issues of material fact on Plaintiffs' claim for violations of the FLSA. Plaintiffs are entitled to judgment as a matter of law.

### 1)  Defendants Are an Enterprise Covered by the FLSA.

For a defendant to be covered under the FLSA, it must be an enterprise that "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person"; and (2) "whose annual gross volume of sales made, or business done is not less than $500,000.00.  29 U.S.C. § 203(s).  As admitted in their Answer and otherwise established in the Record, RMCN has, at all relevant times, been an enterprise  engaged  in commerce  or  in  the  production  of  goods  for  commerce  within  the  meaning  of the FLSA.[21] Defendants' coverage under the FLSA is undisputed.

### 2)  Doug Parker and Julie Parker Are Individual Employers Under the Law.

Under the FLSA, the term "'employer' includes *any person* acting directly or *indirectly in the interest of an employer* in relation to an employee[.]" 29 U.S.C. § 203(d).  The Fifth Circuit has already held that the FLSA's definition of employer is "sufficiently broad to encompass an individual who, though lacking a possessory interest in the 'employer' corporation, effectively dominates its administration or otherwise acts, or has the power to act, on behalf of the corporation

---

[20] *See e.g.*, Dkt. #59 ¶ 25.
[21] (SOF ¶ 1).

vis-à-vis its employees." *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 194-95 (5th Cir. 1983), *cert. denied,* 463 U.S. 1207 (1983); *Reich v. Circle C. Investments, Inc.,* 998 F.2d 324, 329 (5th Cir. 1993) (quoting same); *see also Donovan v. Grim Hotel Co.,* 747 F.2d 966, 972 (5th Cir. 1984) (observing that an individual qualifies as an employer if she "independently exercised control over the work situation"), *cert. denied.,* 471 U.S. 1124 (1985).  Under this long-standing Fifth Circuit precedent, even an individual manager, subordinate to corporate executives like Doug and Julie Parker, is liable under the FLSA as an "employer."

In the case at bar, Individual Defendants Doug and Julie Parker are the founders and executive managers of Repair My Credit Now.[22] Both Doug and Julie Parker are highly involved in the day-to-day operations of the business.[23] For example, the Parkers are involved in hiring and firing employees, making decisions with respect to pay rates, and making decisions with respect to policies and procedures for the RMCN business.[24] Defendants Doug and Julie Parker have previously been held jointly and severally liable for RMCN's statutory violations even when the FLSA's broad and remedial scope was not at issue.[25] Just as in that matter, Doug and Julie Parker have continued to be sufficiently involved in the day to day operations of the company to be considered individually liable for RMCN's FLSA violations as a matter of law.

### 3) Plaintiffs Were Unlawfully Denied FLSA Protection.

The FLSA requires that individuals who work more than 40 hours in a work week be compensated at time and one half their regular rates of pay for the hours they work in excess of 40.  29 U.S.C. § 207.  It is undisputed that Plaintiffs were Defendants' non-exempt employees.[26]

---

[22] (SOF ¶ 4).
[23] *Id.*
[24] *Id.*
[25] *Id.* (citing to **Exhibit Q**).
[26] (SOF ¶ 3).

Sworn declarations previously-filed by Plaintiffs in this matter expressly state that as Defendants' non-employees, Plaintiffs regularly worked in excess of 40 hours per week but failed to receive lawful compensation for the additional hours worked.[27] Under these conditions Defendants have violated the FLSA as a matter of law. Therefore, Plaintiffs are liable to Defendants for compensation of those additional hours worked under the FLSA.

## VI. PLAINTIFFS ARE ENTITLED TO DAMAGES

An employer who violates the FLSA is liable to its employees for their unpaid wages, liquidated damages, attorneys' fees and costs.  29 U.S.C. § 216(b).

1)  <u>Plaintiffs Are Entitled to Back Wages, Including Liquidated Damages</u>.

Under 29 U.S.C. § 216(b), employers who violate the FLSA's overtime provisions "<u>shall</u> be liable to the … employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Plaintiffs are entitled to liquidated damages unless Defendants prove that their failure to pay overtime compensation was in good faith.  29 U.S.C. § 260.  The burden is on the Defendants to show "…that the act or omission giving rise to such action was in good faith and that [they] had reasonable grounds for believing that [their] act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260; *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990). Defendants have the "substantial burden" of proving both their subjective good faith in taking their actions and that they were on objectively reasonable grounds to do so.  *Id.*  There is a strong presumption in favor of imposing full liquidated damages.  *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999).  In order to avoid the imposition of liquidated damages, Defendants must present sufficient evidence to overcome this strong presumption in favor of such damages.

---

[27] *Id.*

Defendants cannot present any such evidence and failed to even raise a good faith affirmative defense in their Answer.[28] Plaintiffs are entitled to summary judgment on Defendants' failure to assert a good faith affirmative defense and to an award of liquidated damages in an amount equal to their unpaid back wages.

  2) <u>Defendants' Conduct Was in Willful Violation of the Fair Labor Standards Act.</u>

A violation of the FLSA is willful if the defendant either knew his or her conduct violated the FLSA or showed reckless disregard for whether his or her conduct complied with the law. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Upon showing that a defendant's violation of the FLSA was willful, a plaintiff is entitled to a three-year recovery period. *See e.g.*, *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).  In the case at bar, Defendants were aware of the legal requirement to pay overtime and still failed to properly compensate employees and abide by the law.[29] The Court should find Defendants' violation of the FLSA to be willful and order Defendants to pay three years of back wages.

<u>**CONCLUSION AND PRAYER FOR RELIEF**</u>

Plaintiffs respectfully request that the Court grant this Motion for Partial Summary Judgment and enter the Proposed Order.

    Respectfully Submitted,

    */s/ Jay Forester*

    **FORESTER HAYNIE PLLC**
    **J. Forester**
    Texas Bar No. 240875532
    1701 N. Market Street, Suite 210
    Dallas, Texas 75202
    (214) 210-2100 phone
    (214) 346-5909 fax

---

[28] (SOF ¶ 5).
[29] *Id.*

**J. Derek Braziel**
Texas Bar No. 00793380
**Lee & Braziel, L.L.P.**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
(214) 749-1400 phone
(214) 749-1010 fax

**Robert J. Wood, Jr.**
State Bar No. 00788712
**T. Blake Edwards**
State Bar No. 24050553
Lindquist Wood Edwards LLP
1700 Pacific Avenue, Suite 2280
Dallas, TX 75201
(214) 382-9789 phone

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to counsel of record for all parties by operation of the Court's Electronic Filing System.

*/s/ Jay Forester*_____
J. Forester